UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DAVARRIO WEBB, | Case No. 11-13622 |
| Plaintiff, | Avern Cohn |
| vs. | United States District Judge |
| WILLIAM FEDERSPIEL, | Michael Hluchaniuk |
| Defendant. | United States Magistrate Judge |
| _____/ | |

# REPORT AND RECOMMENDATION
# MOTION TO DISMISS/SUMMARY JUDGMENT (Dkt. 10)

## I.  PROCEDURAL HISTORY

Plaintiff, a prisoner currently in the custody of the Michigan Department of Corrections (MDOC), filed this prisoner civil rights action on August 19, 2011 arising from events that occurred when he was confined at the Saginaw County Jail.  (Dkt. 1).  Plaintiff alleges that defendant William Federspiel, the Saginaw County Sheriff, violated his rights under the United States Constitution.  On August 25, 2011, this case was referred to the undersigned for pretrial matters by District Judge Avern Cohn.  (Dkt. 6).

Defendant filed a motion to dismiss, or in the alternative, motion for summary judgment on October 10, 2011.  (Dkt. 10).  Plaintiff filed a response to defendant's motion on December 2, 2011.  (Dkt. 12).  This matter is now ready for

report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED**.

## II.    FACTUAL BACKGROUND

Plaintiff alleges violations of the Eighth Amendment's prohibition of cruel and unusual punishment as a result of a sewer backup that caused plaintiff's cell to flood with sewer waste. (Dkt. 12, p. 6). Plaintiff alleges that defendant did not offer to move plaintiff to a different cell, did not arrange to have the cell cleaned, and did not supply adequate cleaning supplies to plaintiff. *Id.*

On September 22, 2009, a drain in the Saginaw County Jail, where plaintiff was housed, backed up. (Dkt. 10-2, p. 2). Plaintiff states that the backup caused his cell to flood with sewer water which contained human feces, urine, and "other substances that will cause a great discomfort to the human health system." (Dkt. 12, pp. 4-5). Plaintiff alleges that multiple complaints were made directly to defendant and "the only relief he was to offer was to tell the inmates if they do not wish to live in it they had better clean it up." (Dkt. 1, p. 3). Plaintiff further alleges that defendant did not offer to move plaintiff to a clean cell and provided "little or no cleaning supplies" to plaintiff. (Dkt. 12, p. 5). Plaintiff alleges that he was forced to live in the flooded cell "for a period of not less than three days and night's [sic]." (Dkt. 1, p. 3). Plaintiff states that as a result of the experience, "to

this time, [he] has the most difficult time locking down every day and night in his cell." *Id.*

Plaintiff alleges that defendant was deliberately indifferent to the flooded conditions in plaintiff's cell, resulting in a violation of the Eighth Amendment's prohibition of cruel and unusual punishment. Plaintiff seeks the following:

1. Humane conditions to be followed at the Saginaw County Jail;

2. Damages in an undisclosed amount;

3. Any other relief that the court deems fit.

*Id.*

### III. ANALYSIS AND CONCLUSIONS

#### A. Standard of Review

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005), quoting, *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

Under Federal Rule of Civil Procedure 56, a party asserting a fact that cannot be or is not genuinely disputed must support that assertion by citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declaration, stipulations, admission, interrogatory answers, or other materials; or a showing that the materials cited do not establish the absence or presence of a genuine dispute or that an adverse party cannot produce admissible evidence to support the fact. Fed.R.Civ.P. 56(c)(1).[1]

---

[1] Formerly, "Rule 56(e) require[d] that sworn or certified copies of all papers referred to in an affidavit must be attached to or served with that affidavit ... To be admissible, documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Johnson v. Memphis City Schools*, 2010 WL 1957267, *2 (W.D. Tenn. 2010), quoting 10A Charles A. Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice & Procedure, § 2722, at 379-80 & 382-84 (1988). According to the Advisory Comments to the recent amendments, this specific requirement was omitted because as unnecessary given the requirement in subdivision (c)(1)(A) that a statement or dispute of fact be supported by materials in the record. Comments, 2010 Amendments to Fed.R.Civ.P. 56, subdivision (c). Notably, the language

Defendant has moved to dismiss this complaint under Rule 12(b)(6) or, in the alternative, for summary judgment. As set forth below, in reaching its conclusions, the Court has considered materials outside the four corners of the complaint and thus, considers defendant's motion under the summary judgment standard of review.

### B. Exhaustion of Administrative Remedies

#### 1. Legal Principles

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Defendant moves to dismiss the claim against him for failure to exhaust administrative grievance remedies. In *Jones v. Bock*, 549 U.S. 199 (2007), the Supreme Court held that "exhaustion is an affirmative defense, and prisoners are not required to specifically plead or demonstrate exhaustion in their complaints." *Id*. at 923. The Court defined the level of detail necessary to exhaust as simply compliance with the administrative grievance process. *Id*. Moreover, the burden rests on the defendant to show that a plaintiff failed to exhaust when

---

changes have not changed the standard itself. *Id*. ("The standard for granting summary judgment remains unchanged.").

asserting exhaustion as an affirmative defense. *Id.* Accordingly, exhaustion is satisfied if plaintiff complied with the applicable Saginaw County Jail grievance procedure, and defendants bear the burden of showing otherwise. *See Kramer v. Wilkinson*, 226 Fed.Appx. 461, 462 (6th Cir. 2007) (A prisoner-plaintiff "does not bear the burden of specially pleading and proving exhaustion; rather, this affirmative defense may serve as a basis for dismissal only if raised and proven by the defendants.").

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden-the plaintiff on a claim for relief or the defendant on an affirmative defense-his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561.

Pursuant to the applicable portion of the PLRA, a prisoner or detainee bringing an action with respect to conditions of confinement under 42 U.S.C. § 1997e(a) must exhaust his available administrative remedies. *See Porter v.*

*Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *See Jones*, 549 U.S. at 217-18; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

      Defendant submitted the Saginaw County Jail Inmate Guide, which contains the jail's grievance procedure. (Dkt. 10-3, pp. 1-21). "The inmate **must** file the complaint or grievance within 7 days of the event." (Dkt. 10-3, p. 15) (emphasis in original). The first point of contact for the inmate is the corrections officer, who will attempt to resolve the grievance. *Id.* If the corrections officer cannot resolve the grievance to the satisfaction of the prisoner, the inmate must put his complaint in writing and forward it to the jail shift commander. *Id.* If the jail shift commander cannot resolve the complaint, the inmate then must forward the grievance to the jail administrator, who will review the issue and make a final

determination. *Id.* "The complaint must state the reason for [the inmate's] grievance, the original officer contacted in regards to the grievance, the original shift commander involved in the grievance, date and time and why the problem was not or could not be resolved." *Id.*

2. Purpose of Exhaustion Requirement

The Supreme Court defines proper exhaustion under 42 U.S.C. § 1997e(a) as "using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90, quoting, *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002) (emphasis in original). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 89. The Supreme Court also observed that "[t]he PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'afford corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Id.* at 93, quoting, *Porter*, 534 U.S. at 525 (alteration omitted). Exhaustion serves a dual purpose: it gives prisoners "an effective incentive to make full use of the prison grievance process and accordingly provides prisons with a fair opportunity to correct their own errors." *Id.* at 94. Additionally, the

exhaustion requirement "has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record." *Jones*, 549 U.S. at 915-16.

### 3. Plaintiff's Lack of Administrative Grievance

Plaintiff correctly acknowledges in his response to defendant's motion to dismiss that failure to exhaust all administrative remedies can result in dismissal of claims. (Dkt. 12, p. 4). Plaintiff then offers contradictory statements, asserting both that "he did follow the procedures with it's [sic] chain of command steps," and that he did not file any written grievances. (Dkt. 12, p. 4). Plaintiff asserts that it was necessary to bypass the written grievance process "because of the health risk that would be involved in living in and around human waste." (Dkt. 12, p. 4). Plaintiff states, "The inmate Complaint and Grievance procedure would have taken several day's [sic], weeks or months to resolve this issue at hand." (Dkt. 12, pp. 4-5). With regard to these contradictory statements, the Court will assume that plaintiff is incorrect in stating that he followed the chain of command steps in the grievance process, given plaintiff's claim that he should be excused from completing the grievance process, discussed below.

Plaintiff would like this Court to excuse his lack of written grievances because of the need for immediate relief. (Dkt. 12, pp. 4-5). Plaintiff states his concern with written grievances was the length of time it would take to resolve the

Report and Recommendation
Motion to Dismiss/Summary Judgment
*Webb v. Federspiel.*; Case No. 11-13622

issue. (Dkt. 12, pp. 45). However, the PLRA clearly states the need to exhaust all administrative remedies before filing a law suit. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."). Defendant argues that plaintiff was aware of this requirement and that this case should be dismissed because of plaintiff's failure to exhaust. (Dkt. 10, pp. 10-12). In support, defendant has provided a copy of an acknowledgment signed by plaintiff on May 30, 2009, indicating that plaintiff received a Saginaw County Inmate Guide which contained a copy of grievance procedure requirements. (Dkt. 10-4, p.1) (The acknowledgment stated, in part, "I further acknowledge that I have reviewed the Grievance Procedure outlined in the Inmate Guide and that I understand it."). Defendant asserts that plaintiff's reasoning for bypassing the grievance procedure is inexcusable, arguing that "an inmate cannot claim that it would be futile for him to exhaust administrative remedies without first seeking all available avenues of relief." (Dkt. 10, p. 12), quoting *Northington v. Michigan Dep't of Corr.*, 72 Fed. Appx. 423 (6th Cir. 2003).

    By failing to file a written grievance, plaintiff knowingly chose to disregard PLRA requirements. Regardless of whether plaintiff's complaint would have been addressed in a timespan acceptable to the plaintiff, inmates do not have the option of voluntarily bypassing the administrative grievance procedure. *See Porter*, 534

U.S. at 520 (stating that all administrative remedies must be exhausted "even if the prisoner may not be able to obtain the specific type of relief he seeks . . . ."). The Court finds no reason to excuse plaintiff's failure to exhaust his administrative remedies before filing this lawsuit. Since plaintiff did not comply with PLRA requirements by failing to exhaust his administrative remedies, plaintiff's federal claims against defendant must be dismissed.

## IV.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion for summary judgment be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  June 25, 2012                              s/Michael Hluchaniuk
                                                                      Michael Hluchaniuk
                                                                      United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on June 25, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Amy L. Lusk, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant(s): Davarrio Webb, 451915, Bellamy Creek Correctional Facility, 1727 West Bluewater Highway, Ionia, MI 48846.

                                                                       s/Tammy Hallwood
                                                                       Case Manager
                                                                       (810) 341-7887
                                                                       tammy_hallwood@mied.uscourts.gov